1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SOUTHERN DIVISION**

11

12   KEYRI LISSETH COTTRELL-ROMERO,  )        No. SA CV 13-726-JLS (PLA)
                                      )
13              Petitioner,           )
                                      )        **ORDER DISMISSING CASE**
14         v.                         )
                                      )
15   ERIC HOLDER, Jr., et al.,        )
                                      )
16              Respondents.          )
     _____)

17

18                              **I.**

19                         **PROCEEDINGS**

20         On May 6, 2013, petitioner, while in the custody of the United States Department of

21   Homeland Security, filed a "Writ of Habeas Corpus, Release from Detention" pursuant to 28

22   U.S.C. § 2241.  In the Petition, petitioner sought release from custody on the ground that she was

23   being wrongly detained during removal proceedings.  Petitioner also sought a stay of removal

24   pending adjudication of the instant Petition.  (Petition at 18, 21-23[1]).  On June 27, 2013,

25   respondent filed an Answer.  On August 13, 2013, the Magistrate Judge ordered petitioner to file

26   a Reply by September 12, 2013.  The August 13, 2013, Order was returned to the Court with the

27   notations "attempted - not known" and "unable to forward."  (Docket No. 8).  On July 24, 2014, the

28

   _____

      [1]   The Court refers to the handwritten page numbers set forth in the Petition.

1    Magistrate Judge ordered the parties, by August 4, 2014, to file supplemental briefing addressing

2    "their respective positions as to whether any of petitioner's grounds for relief set forth in the

3    Petition are moot." (Docket No. 11).  The July 24, 2014, Order mailed to petitioner was returned

4    to the Court with a stamped notation that petitioner was "no longer in custody." (Docket No. 12).

5    To date, petitioner has not provided her current address to the Court.  On August 14, 2014,

6    respondent filed an untimely Response to the Magistrate Judge's Order, in which it indicates that

7    petitioner was removed from the United States on November 20, 2013.  Exhibit 1 to Response.

8

9    **II.**

10    **DISMISSAL IS APPROPRIATE**

11    Petitioner's case should be dismissed as moot, as it appears that she is no longer in federal

12    custody.  A case becomes moot when "it no longer present[s] a case or controversy under Article

13    III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43

14    (1998).  In order to satisfy the case-or-controversy requirement, the parties must have a personal

15    stake in the outcome of the suit through "all stages of federal judicial proceedings." United States

16    v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001).  If it appears that the Court is without power to

17    grant the habeas relief requested by a petitioner, the case is moot. See Picrin-Peron v. Rison, 930

18    F.2d 773, 775 (9th Cir. 1991).  As petitioner challenged the lawfulness of her detention, and she

19    is now no longer in custody as indicated by the returned mail to the Court and respondent's

20    representations, the Court is without power to grant the relief petitioner requested in the Petition --

21    i.e., that petitioner "be released immediately from [Department of Homeland Security] custody either

22    without bond or on an order of supervision." (Petition at 22).  Thus, petitioner's case has been

23    rendered moot. See, e.g., Riley v. I.N.S., 310 F.3d 1253, 1256-57 (10th Cir. 2002) (finding that a

24    petitioner did not meet any of the exceptions to the mootness doctrine, and thus that his release from

25    detention under an order of supervision mooted his challenge to the legality of his extended

26    duration); see also Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) ("For a habeas petition

27    to continue to present a live controversy after the petitioner's release or deportation, . . . there

28

1  must be some remaining 'collateral consequence' that may be redressed by success on the

2  petition.") (citation omitted).

3      Additionally, petitioner's failure to inform the Court of her current address in and of itself

4  warrants dismissal.  Local Rule 41-6 states:

5          A party proceeding pro se shall keep the Court and opposing parties
           apprised of such party's current address and telephone number, if
6          any, and e-mail address, if any.  If mail directed by the Clerk to a pro
           se plaintiff's address of record is returned undelivered by the Postal
7          Service, and if, within fifteen (15) days of the service date, such
           plaintiff fails to notify, in writing, the Court and opposing parties of said
8          plaintiff's current address, the Court may dismiss the action with or
           without prejudice for want of prosecution.

9

10  Since August 2013, the Orders sent by the Court to petitioner have been returned as undelivered.

11  Petitioner has not apprised the Court of a new address, and in fact has not had any contact with

12  the Court since May 2013, when she filed the instant Petition.

13      In light of the foregoing, the Court finds that dismissal of the Petition is appropriate.  IT IS

14  THEREFORE ORDERED that this action is **dismissed**.

15

16  DATED:  August 18, 2014

          _____
17        HONORABLE JOSEPHINE L. STATON
          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28